UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
TALLAHASSEE DIVISION

Case No.:

JOYCE BLALOCK,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP.,

      Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

      The Defendant, WAL-MART STORES EAST, LP, under 28 U.S.C. §§1332, 1441 and 1446, gives notice with full reservation of all defenses and without waiving any right to arbitrate, that this cause, civil action bearing Case No.: 2023-CA-002787, is hereby removed from the Second Judicial Circuit Court in and for Leon County, Florida to the United States District Court for the Northern District of Florida. Pursuant to 28 U.S.C. §1446(a), a short and plain statement of the grounds for removal follows:

## PROCEDURAL BACKGROUND

1. Plaintiff, JOYCE BLALOCK, filed a Complaint and Demand for Jury Trial in a civil action for money damages with the Judicial Circuit Court in and for Leon County, Florida, Case No.: 2023-CA-002787 on or about December 11, 2023. (See Exhibit A, Compl., attached.)

2. Plaintiff served the Defendant with a copy of the Complaint through Walmart's registered agent on or about December 20, 2023. (See Exhibit B, proof of service, attached.)

3. Plaintiff raises a premises liability claim in the Complaint and alleges while walking outside of Defendant's store on September 16, 2020, Ms. Blalock tripped and fell on an alleged crack in the sidewalk area. (See Exhibit A, at ¶ 9.)

4. Section 1441 of Title 28 grants a Defendant the right to timely remove its pending state court action to Federal District Court if that Court would have original jurisdiction. Original jurisdiction can be based on diversity of citizenship, 28 U.S.C. § 1441(a), amongst other grounds. As set forth more fully below, this case is properly removed pursuant to 28 U.S.C. §1441 because this Court has subject matter jurisdiction over it and Defendant has satisfied the procedural requirements for removal.

## VENUE

5.　Venue exists in the United States District Court for the Northern District of Florida, because the Second Judicial Circuit in and for Leon County, where Plaintiff filed his Complaint against Walmart, is located within the United States District Court for the Northern District of Florida.

## REMOVAL IS TIMELY

6.　As noted herein, Plaintiff commenced this action on or about December 11, 2023, and served Walmart on December 20, 2023.  Defendant filed its Notice of Removal on January 10, 2024. Therefore, removal is timely pursuant to 28 U.S.C. § 1446 (b). *see e.g. Black v. State Farm Mut. Auto. Ins. Co.,* No. 10-80996-CIV, 2010 WL 4340281, at *1 n.2 (S.D. Fla. Oct. 22, 2010) (removal is timely when accomplished within § 1446(b)'s 30-day timeframe).

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

7.　This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332 (a) because the Plaintiffs and Defendant are of diverse citizenship. Consequently, this civil action is subject to removal under 28 U.S.C. §§ 1441 and 1446.

8.　Plaintiff, Blalock, is a citizen of Colquitt County, Georgia. (See Exhibit A at ¶2).

9.　Defendant, Wal-Mart Stores East, LP, is a limited partnership.

10. At all times material to this action, Wal-Mart Stores East, LP, was organized under the laws of Delaware with its principal place of business in Arkansas.

11. WSE Management, LLC, is the general partner of Wal-Mart Stores East, LP.

12. WSE Investment, LLC, is the limited partner of Wal-Mart Stores East, LP.

13. WSE Management, LLC and WSE Investment, LLC are the only partners of Wal-Mart Stores East, LP and both are Delaware limited liability companies.

14. The sole member of WSE Management, LLC is and was at all times material to this action, Wal-Mart Stores East, LLC.

15. The sole member of WSE Investment, LLC, is and was at all times material to this action, Wal-Mart Stores East, LLC.

16. Wal-Mart Stores East, LLC, is and was at all times material to this action, an Arkansas limited liability company.

17. The sole member of Wal-Mart Stores East, LLC, is and was at all times material to this action, Walmart, Inc.

18. Walmart, Inc., while lawfully permitted to conduct business in numerous states, is incorporated solely in the State of Delaware.

19. The principal place of business for all of the above-mentioned entities is and was at all times material to this action, Bentonville, Arkansas.

20. Thus, Wal-Mart Stores East, L.P, WSE Management, L.L.C., WSE Investment, L.L.C., Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc. are not Florida citizens as none were organized under the laws of Florida and none have their principal place of business in Florida.

21. Defendant at the time of the alleged incident and all times material, was and is a Delaware Corporation with its principal place of business in the state of Arkansas. At no time has Defendant been a citizen of Florida.

22. As such, there is complete diversity among the parties because Plaintiff is not a citizen of a state of which a Defendant is a citizen.

## AMOUNT IN CONTROVERSY

23. The amount in controversy exceeds $75,000.00 and removal is proper pursuant to 28 U.S.C. §1332 (a).

24. Although the Complaint does not specify an amount in controversy other than the Florida circuit court minimum, Defendant is in possession of Plaintiff's past medical expenses of approximately $94,781.00 for bilateral wrist surgeries she underwent after the alleged incident. (See Exhibit C, Medical Bill Summary and redacted medical records). Plaintiff previously filed suit against Walmart for the same incident in state court on February 23, 2022. The parties

engaged in discovery thereafter and Plaintiff produced evidence of her injuries and damages at that time. Plaintiff filed a Notice of Voluntary Dismissal in that case on December 8, 2023, the eve of trial and refiled it immediately thereafter on December 11, 2023, as referenced in paragraph 1.

25. The combination of her past medical expenses and anticipated future damages well exceed the $75,000.00 minimum threshold for removal of this Court as discussed more fully herein.

26. District courts have routinely found that the amount in controversy is satisfied by a showing that plaintiff's past medical bills exceed $75,000.00. *See, e.g., AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.,* 268 F. App'x 864, 866 (11th Cir. 2008) (amount in controversy satisfied where the plaintiff alleged in a pre-suit demand letter that it would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages"); *Wilson v. Target Corp.,* No. 10-80451-CIV, 2010 U.S. Dist. LEXIS 96399, at *8-10, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010) (holding that detailed pre-suit demand letter that delineated the extent of alleged injuries, physicians who had treated plaintiff, and medical care received was evidence that claimed damages would exceed $75,000.00); *Katz v. J.C. Penney Corp.,* No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *15 (S.D. Fla. June 1, 2009) ("The Court concludes that Defendant has

met its jurisdictional burden of establishing the amount in controversy based on information received from Plaintiffs in the pre-suit demand package.").

27. Based on Plaintiff's previously produced medical bills and records, as well as her deposition testimony regarding same in the previously filed action, indicating she undergone multiple surgical procedures, and incurred over $94,000.00 in charges, as well as additional damages beyond her past medical expenses, it would appear the amount at issue far exceeds $75,000.00. *See* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). Although Wal-Mart denies Plaintiff's claims, Wal-Mart believes, in good faith, that more than $75,000.00 is in controversy. Therefore, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement has been met.

## FILING OF REMOVAL PAPERS

28. Pursuant to 28 U.S.C. § 1446(d), contemporaneous to the removal of this action, Wal-Mart has provided written notice of removal to Plaintiff's counsel and has filed a Notice of Filing the Notice of Removal with the Second Judicial Circuit in and for Leon County, Florida. A true and correct copy of the Notice of Filing the Notice of Removal, along with all other papers filed with the state court and a docket sheet from the Clerk of the Court, are attached as Composite Exhibit "D."

## RESERVATION

29. By filing a Notice of Removal in this matter, Defendant does not waive, and expressly reserves, its right to assert any and all defenses and/or objections in this case, including its right to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

## CONCLUSION

WHEREFORE, Defendant, **Wal-Mart Stores East, LP**, respectfully removes this action from the Second Judicial Circuit in and for Leon County, Florida to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and requests that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: January 18, 2024

        Respectfully submitted,

        /s/ *Jason E. Boone*
        JASON E. BOONE, ESQ.
        Florida Bar No. 115324
        Pleadings@RoigLawyers.com
        ROIG LAWYERS
        50 N. Laura Street, Suite 2518
        Jacksonville, FL 32202
        Telephone: (954) 354-1544
        Facsimile: (954) 462-7798
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

**I HEREBY** certify that a true and correct copy of the foregoing was filed on this 18th day of January, 2024, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

        /s/ *Jason E. Boone*
        JASON E. BOONE, ESQ.
        Florida Bar No. 115324

## **SERVICE LIST**

William A. Kempner, III, Esq.
Morgan & Morgan, P.A.
313. N. Monroe St., Suite 401
Tallahassee, FL 32301  at
bkempner@forthepeople.com
sheard@forthepeople.com
bcardinalebolten@forthepeople.com