**IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**JOYCE BLALOCK,**

**Plaintiff,**

**CASE NO:** 2023 CA 002787

**vs.**

**WAL-MART STORES EAST, LP,**

**Defendant.**

_______________________________________ /

**COMPLAINT**

Plaintiff, JOYCE BLALOCK, by and through the undersigned counsel, hereby sues Defendant, WAL-MART STORES EAST, LP, and alleges as follows:

1. There is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material to this action, Plaintiff, JOYCE BLALOCK, was a natural person residing in Colquitt County, Georgia.

3. At all times material to this action, Defendant, WAL-MART STORES EAST, LP, was a Foreign Limited Partnership authorized to do business in the State of Florida.

4. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, was the owner and in possession of that certain business located at 5500 Thomasville Rd., Tallahassee, Leon County, Florida, open to the general public, including the Plaintiff herein.

5. On or about August 12, 2020, Plaintiff, JOYCE BLALOCK, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, JOYCE BLALOCK, was a lawful guest upon the

premises of the Defendant, WAL-MART STORES EAST, LP, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, WAL-MART STORES EAST, LP

Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

7. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on their premises.

8. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the sidewalk, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the sidewalk, as specified above, to ascertain whether the sidewalk, which was poorly maintained, constituted a hazard to patrons utilizing said sidewalk area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to warn or adequately warn the Plaintiff of the danger of the sidewalk, when Defendant knew or through the exercise of reasonable care should have known that said premises' sidewalk was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the sidewalk, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the sidewalk for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the sidewalk for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the sidewalk despite knowledge of prior trip and falls at the subject location caused by uneven surfaces or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to assign specific associates/employees to the task of solely monitoring the sidewalks in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions.

k) Negligently failing to act reasonably under the circumstances;

l) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

m) Negligently failing to install, maintain and provide a safe sidewalk surface on the subject premises;

n) Negligently selecting and/or utilizing materials that failed to provide a non-trip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known trips were likely to occur on the sidewalk;

9. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on a crack in the sidewalk area, sustaining significant personal injuries.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and

aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WAL-MART STORES EAST, LP**

Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

11. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

12. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

13. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the sidewalk, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the sidewalk, as specified above, to ascertain whether the sidewalk, which was poorly maintained, constituted a hazard to patrons utilizing said sidewalk area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to warn or adequately warn the Plaintiff of the danger of the sidewalk, when Defendant knew or through the exercise of reasonable care should have known that said premises' sidewalk was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the sidewalk, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the sidewalk for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the sidewalk for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the sidewalk despite knowledge of prior trip and falls at the subject location caused by uneven surfaces or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the sidewalk in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions.

m) Negligently failing to act reasonably under the circumstances;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p) Negligently failing to install, maintain and provide a safe flooring surface on the subject premises

q) Negligently selecting and/or utilizing flooring that failed to provide a non-trip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known trips were likely to occur on the sidewalk;

14. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on a crack in the sidewalk area, sustaining significant personal injuries.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JOYCE BLALOCK, sues the Defendant, WAL-MART STORES EAST, LP, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

Respectfully submitted this 11th day of December, 2023.

William A. Kempner, III, Esquire
FBN 006564
Morgan & Morgan
313 N. Monroe St., Suite 401
Tallahassee, FL 32301
Primary Email: bkempner@forthepeople.com
Secondary Email: sheard@forthepeople.com
hpreiser@forthepeople.com
Telephone: (850)329-6895
Facsimile: (850)270-9006
Attorneys for Plaintiff